United States District Court
Southern District of Texas
**ENTERED**
December 10, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SIDNEY MAURICE THOMPSON | § | |
| | § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. 2:25-CV-00277 |
| | § | |
| UNITED STATES OF AMERICA | § | |

### MEMORANDUM AND RECOMMENDATION TO DISMISS
### CASE FOR FAILURE TO PROSECUTE

Plaintiff filed this prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 on October 17, 2025. (D.E. 1). The same day, the U.S. District Clerk notified Plaintiff that his pleading was deficient for failing to pay the filing fee or properly requesting to proceed *in forma pauperis* (IFP"). (D.E. 4). Plaintiff was directed to comply by November 17, 2025, and was notified that failure to comply may result in his case being dismissed. Plaintiff did not comply.

Therefore, on November 24, 2025, the Court entered a Notice of Deficiency and Order to Show Cause, ordering Plaintiff to either pay the filing fee or submit an IFP application along with a copy of his trust fund statement on or before December 8, 2025. (D.E. 6). Plaintiff was again notified that failure to comply may result in dismissal for want of prosecution. Fed. R. Civ. P. 41(b). To date, Plaintiff has failed to comply.

Further, Plaintiff was ordered to show cause on or before December 8, 2025, why he should not sanctioned, including restrictions on his ability to file future lawsuits without

leave of court and monetary sanctions, for failing to prosecute at least eight cases in the Southern District of Texas during the past three years. (D.E. 6, Pages 2-3). Plaintiff did not file a response to the order to show cause. Plaintiff has filed at least eight cases in the Southern District of Texas, seeking to proceed *in forma pauperis*, and has then failed to prosecute them, resulting in their dismissals. See Case Nos. 2:22-cv-8; 2:24-cv-28; 2:24-cv-107; 2:24-cv-119; 2:24-cv-156; 2:24-cv-246; 4:24-cv-3572; 2:25-cv-22. In short, Plaintiff is abusing the judicial process, is pursuing litigation in bad faith, is delaying the Court's consideration of other cases and is avoiding filing restrictions pursuant to 28 U.S.C. § 1915 as his cases are dismissed for failure to prosecute rather than on the merits. Federal courts have inherent authority "to protect the efficient and orderly administration of justice and…to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority "to levy sanctions in response to abusive litigation practices." *Id.* (citation omitted). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). When a litigant abuses the judicial process by filing frivolous actions or by commencing actions and failing to prosecute them to fruition, monetary sanctions and a prohibition "against the filing of future civil rights suits without prior consent of a district or magistrate judge" are appropriate sanctions. *Murphy v. Collins*, 26 F.3d 541, 544 (5th Cir. 1994); Fed. R. Civ. P. 11.

Therefore, it is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to Fed.R.Civ.P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute). It is further **RECOMMENDED**, given Plaintiff's history of filing vexatious civil actions and weighing all relevant circumstances, that Plaintiff be **SANCTIONED** $50.00 and be required to obtain leave of Court before filing any further *pro se* actions in the Southern District of Texas. It is also **RECOMMENDED** that Plaintiff be required to certify in a sworn affidavit that he has paid the $50.00 sanction should he seek leave of Court to file any future *pro se* action in the Southern District of Texas. *Judd v. Fed. Election Comm'n*, 311 F. App'x 730, 731 (5th Cir. 2009) (Affirming a $500.00 sanction and requiring the plaintiff to obtain leave of course before filing any further civil actions and requiring plaintiff to submit certification). Plaintiff is **CAUTIONED** that filing any frivolous actions and/or failing to prosecute any further actions in any court in the Southern District of Texas will subject him to additional and progressively more severe sanctions.

ORDERED on December 10, 2025.

Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).